ELIZABETH HILL, PLAINTIFF-APPELLANT, v. TUNG WAH LOW, I. GEORGE RABIN AND CHARLOTTE VOLOVICK COHEN, DEFENDANTS-RESPONDENTS.

Argued February 6, 1941—Decided April 25, 1941.

──────────

For the plaintiff-appellant, *Benjamin M. Ratner.*

For the defendants-respondents I. George Rabin and Charlotte Volovick Cohen, *Kalisch & Kalisch*.

For the defendant-respondent Tung Wah Low, *J. Stanley Herbert*.

The opinion of the court was delivered by

HAGUE, J. This appeal is from a judgment of nonsuit entered in the Supreme Court in favor of each defendant and against the plaintiff in a personal injuries case.

The accident which resulted in personal injury to the plaintiff, a lady 72 years old at the time, occurred on the second floor of a property owned by defendant Charlotte Volovick Cohen. The part of the building was leased by Charlotte Cohen's agent, George Rabin, to Tung Wah Low who conducted a Chinese restaurant therein. Plaintiff entered the premises and, after ordering a meal, requested the waitress to direct her to the ladies' room. Following the directions given, plaintiff made her way to the ladies' room and, upon opening the door which opened outward, fell over a step which was four inches above the grade of the hallway from which she had entered. As a result, it is alleged, she suffered painful and serious injuries.

The building in question is owned by the defendant Charlotte Volovick Cohen, and managed by the defendant, George Rabin. There was a discontinuance as to the defendant Rabin.

The complaint in seven counts charges that the defendant Tung Wah Low, was negligent in maintaining the premises; that it amounted to a nuisance. The third and fourth counts relate to George Rabin, as agent, but since he is out of the case their allegations are not important now. The fifth and sixth counts charge Charlotte Volovick Cohen, as owner, with negligent maintenance and nuisance. The seventh count charges that at the time of the accident, and prior thereto, the step over which the plaintiff tripped was in fact a structural defect; that it was not according to standard construction for a building of that character, which was devoted to public or semi-public use, and therefore it was the duty of the

owner or agent to supply standard construction to make the premises reasonably safe for invitees and that landlord and agent failed in this duty. So far as the owner is concerned, we see no evidence of negligence or nuisance on her part. The plaintiff contends that her negligence consisted in the absence of a light inside the lavatory. It is not disputed, however, that the room was furnished with lighting equipment. A turning on of the light surely was not the duty of the owner. There is no proof whatever of nuisance nor do we find proof that the owner was obliged to make repairs to the premises if any were to be made and, further, there is no evidence that repairs should have been made. If defendant Tung Wah Low could be guilty of negligence it must be for some negligent act on his part. Proof of such negligence is lacking. There was no evidence to sustain the argument that the raised step in the lavatory was a structural defect. In answer to the direct question as to whether this step violates the "standard of construction" rule, the expert witness did not answer in the affirmative but said that the condition was bad practice. "We do not follow that type of construction. We usually get away from it by building a ramp." Nowhere does this expert say that the "step up" violates the rule of standard construction but rather the practice, and practice is not defined by the witness.

In conclusion, there is no evidence of negligence. The plaintiff saw the door to the ladies' room; apparently she had no difficulty seeing the door knob; she then says she fell. What caused her to fall she does not say. The electric light was not on but she does not say the fall was due to the absence of light nor do the witnesses for the plaintiff say so. All the witnesses say it was a fine clear day. We can find no evidence of negligence in the case and none is pointed out in the appellant's brief.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 16.

*For reversal*—None.